Doris ROSS, Johnnie J. Harlen, Walter Harlen and Jessie Harlen *v.* Orval Ray JONES and Evelyn Sue Jones

CA 02-42                                                    96 S.W.3d 738

Court of Appeals of Arkansas
Division II
Opinion delivered January 29, 2003

*Irwin Law Firm*, by: *Robert E. Irwin*, for appellants.

*Scott Adams*, for appellee.

OLLY NEAL, Judge. The appellants, Doris Ross, Walter Harlen, and Jessie Harlen, purport to appeal from a decision of the Conway County Circuit Court denying their motion for default judgment. On appeal, they assert that the trial court erred by denying their motion for default judgment due to the appellees' failure to answer their counterclaim. The appellees, Orval and Evelyn Jones, assert that we lack jurisdiction because the appellants' notice of appeal was filed prior to the court's order adjudicating their counterclaim for default judgment. We agree; therefore, we dismiss without prejudice.

The facts of this case are as follows. Appellant, Doris Ross, is the daughter of Johnnie Harlen and is his legal guardian. The appellees and Johnnie Harlen purchased a tract of land in Conway County. Johnnie Harlen subsequently conveyed his interest to the appellees in exchange for a life estate in the property. After being appointed Johnnie Harlen's guardian, appellant Ross allowed her brothers, appellants Walter Harlen and Jessie Harlen, to move onto the property. On May 10, 1999, the appellees filed a complaint seeking to eject appellants Walter and Jessie Harlen from the property. The appellants filed a timely answer and counterclaim on May 20, 1999. In their counterclaim, the appellants asked that the deed from Johnnie Harlen to the appellees be canceled because: (1) the transfer was made without valuable consideration; (2) the deed was executed at a time when Johnnie Harlen was not legally competent; (3) the transfer was the result of undue influence, fraud, and misrepresentation. The appellees failed to respond to the appellants' counterclaim. On June 13, 2001, a hearing was held on the matter. At the hearing, the appellants moved for default judgment because the appellees had failed to respond to their counterclaim. At the conclusion of the hearing, the court granted the ejectment; however, it reserved ruling on the counterclaim and gave the appellees an opportunity to respond to appellants' motion for default judgment. The appellees filed a response on June 22, 2001.

On August 3, 2001, the court filed its order granting the ejectment. The appellants filed their notice of appeal on August 14, 2001. In the notice of appeal, the appellants stated:

> Comes the Defendant Doris Ross, Guardian of Johnnie J. Harlen; Walter Harlen; and Jessie Harlen and hereby gives notice that she appeals from the entry of the Order entered on August 3, 2001, and designates as the record on appeal, all pleadings, testimony, evidence, and exhibits, and all other items of pleadings testimony, exhibits, and other evidence considered by the court prior to the entry of the Order. Doris Ross has ordered a transcript from the Circuit Clerk and Court Reporter as verified by the attached letter.

> Given this 13th day of August, 2001.

An order adjudicating the counterclaim in favor of the appellees was entered on November 14, 2001.

On appeal, the appellants assert that the court erred when it denied their motion for default judgment on their counterclaim. The appellees assert that the appellants' appeal should be dismissed because no notice of appeal has been filed as to the order denying the relief sought in the counterclaim. We agree.

■ ■ Rule 4(a) of the Arkansas Rules of Appellate Procedure — Civil provides that a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. Rule 4(a) further provides that "a notice of appeal filed after the circuit court announces a decision but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered." Here the notice of appeal was not timely filed. On June 13, 2001, the court announced that it was granting the ejectment and reserving ruling on the appellants' counterclaim until after the appellees filed a response to the appellants' motion for default judgment. The appellees' response was filed on June 22, 2001. However, there was no subsequent oral pronouncement from the court adjudicating the counterclaim. On August 3, 2001, an order was entered that solely addressed the issue of ejectment. The appellants filed their notice of appeal on August 14, 2001. In that notice, they specifically stated that they were appealing from the order entered on August 3, 2001. The court announced its judgment on the counterclaim in an order entered on November 14, 2001. The appellants' notice of appeal was antecedent to the court's pronouncement of judgment on their counterclaim; thus, their notice of appeal was premature and the appeal must be dismissed. Because we are dismissing the appeal, we do not reach the appellants' argument on appeal.

. Dismissed.

GLADWIN and ROAF, JJ., agree.